IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-546-FL

| | |
|---|---|
| REGINALD B. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE ##27, 29). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge and denies plaintiff's motion for judgment on the pleadings and grants defendant's motion for judgment on the pleadings.

## STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on February 6, 2006, alleging a disability onset date of June 25, 2005. Plaintiff's claim was denied initially and upon reconsideration. On April 30, 2008, a hearing was held before the Administrative Law Judge ("ALJ"), at which plaintiff was represented by counsel. On September 4, 2008, the ALJ issued a decision denying plaintiff's request for benefits. Plaintiff then requested

a review of the ALJ's decision by the Appeals Council, which request for review was denied on October 27, 2009.

On December 22, 2009, plaintiff filed the instant complaint pursuant to 42 U.S.C. § 405(g) to obtain judicial review by the court of the Commissioner's decision denying plaintiff's claim. Defendant answered on March 16, 2010. Plaintiff moved for judgment on the pleadings on June 18, 2010, and defendant likewise moved for judgment on the pleadings on August 9, 2010. The matter was referred to the magistrate judge, who entered his M&R on September 16, 2010. Plaintiff filed objections to the M&R on October 4, 2010, to which defendant responded on October 15, 2010.

## STATEMENT OF FACTS

A disability determination under the Social Security Act ("the Act") is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim. The five steps to the analysis are: the claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment; which (3) meets or exceeds the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform past work; or (5) any other work. Albright v. Comm'r of the SSA, 174 F.3d 473, 474 n.2 (4th Cir. 1999). If an applicant's claim fails at any step, the ALJ need not analyze the subsequent steps. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The burden of proof and production on the first four steps of the inquiry rests on the claimant. Id. At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. Id.

Applying the five-step sequential evaluation, the ALJ found plaintiff "not disabled" as defined in the Act. Plaintiff satisfied the first two steps, as the ALJ found that plaintiff was not

engaged in substantial gainful activity and demonstrated the severe impairments of degenerative joint disease and degenerative disc disease. At step three, however, the ALJ found that plaintiff's impairments were not severe enough to meet one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ assessed plaintiff's residual functional capacity ("RFC") and found plaintiff able to perform a narrow range of light work and a wide range of sedentary work. In making this assessment, the ALJ determined that plaintiff's statements about his limitations were not fully credible. Proceeding to step four, the ALJ determined that plaintiff did not have the RFC to perform his past work as a tire builder. At step five, however, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy.

The plaintiff in his motion for judgment on the pleadings alleges three grounds for error by the ALJ: (1) failure to consider the opinions of governmental and non-governmental agencies in accordance with S.S.R. 06-03p; (2) improper credibility assessment; and (3) exclusive reliance on the Medical-Vocational Guidelines found in 20 C.F.R. § 404, Subpart P, Appendix 2 ("the Grids").

## ANALYSIS

A.   Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely

filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

This court is authorized under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations omitted). Rather, in conducting the substantial evidence inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439 (4th Cir. 1997). With these principles in mind, and having benefit of the magistrate judge's thoughtful analysis, the court turns to the arguments at hand.

B. Analysis

Plaintiff alleges three grounds for error in his motion for judgment on the pleadings. Specifically, plaintiff argues (1) that the ALJ erred in failing to consider the opinion of governmental

4

and non-governmental agencies; (2) that the ALJ erred in relying exclusively on the Grids and failing to obtain expert testimony as to the impact of his nonexertional limitations on plaintiff's occupational base; and (3) that the ALJ erred in improperly assessing plaintiff's credibility.

The magistrate judge found all three of plaintiff's asserted grounds for error to be without merit and recommended that the court uphold the decision of the Commissioner. Plaintiff lodges two objections to the M&R: first, that the magistrate judge is incorrect in finding that the ALJ did not err in failing to evaluate evidence from other agencies, and second, that the M&R incorrectly finds that the ALJ did not err in formulating plaintiff's RFC because the ALJ did not deliver an appropriate discussion of the medical and non-medical evidence in support of his RFC finding. Accordingly, the court must conduct a *de novo* review of those portions of the M&R to which plaintiff has objected. For the reasons that follow, the court overrules plaintiff's objections and adopts the recommendations of the magistrate judge.

1. The ALJ did not err in failing to evaluate evidence from other agencies.

Plaintiff asserts in his motion for judgment on the pleadings that the ALJ erred in failing to address certain evidence in the record regarding plaintiff's receipt of Worker's Compensation and medical retirement benefits. The evidence that plaintiff argues the ALJ erroneously failed to consider includes an Agreement of Final Settlement and Release ("Settlement Agreement") between plaintiff and Goodyear, which was approved by the North Carolina Industrial Commission (the "Commission"), and a letter from Goodyear dated November 14, 2007 stating basic information regarding a "gross monthly benefit" payable for plaintiff's lifetime.

Disability determinations made by other governmental or non-governmental agencies are not binding on the Commissioner. 20 C.F.R. § 404.1504. However, because such determinations are

5

relevant, informative, and can aid the Commissioner in his decision, the ALJ is required to evaluate such decisions. S.S.R. 06-03p, 2006 WL 2329939 at *6. "Evidence of a disability decision by another governmental or non-governmental agency cannot be ignored and must be considered." Id. Further, S.S.R. 06-03p cites Worker's Compensation as an example of an agency whose determinations should be considered. Id.

The two documents referenced by plaintiff's argument do not constitute "disability decisions" that the ALJ is required to consider under S.S.R. 06-03p, and the ALJ therefore did not commit error in failing to evaluate them. The record contains no decision from the Commission awarding benefits to the plaintiff or discussing plaintiff's medical condition or ability to work. The Settlement Agreement provides no evaluation of plaintiff's medical condition, contains no medical opinion, and does not constitute a decision or determination as to whether plaintiff is disabled. To the contrary, the Settlement Agreement, incorporated by reference in the Commission's order approving the settlement, clearly states that there exists a "serious controversy with respect to material issues" and that "there are significant legal issues concerning whether or not [plaintiff] is disabled." R. 100. Given such an explicit acknowledgment that the fact or extent of plaintiff's alleged disability remains very much in dispute, plaintiff cannot seriously contend that the Settlement Agreement constitutes a "disability decision" which the ALJ is required to examine. Further, the body of the letter from Goodyear regarding plaintiff's retirement, dated November 14, 2007, consists of two sentences and states only that plaintiff receives a "gross monthly benefit" of a specified amount and recites the initial award date and retirement date. R. 149. The letter contains no statement of the basis for the payment, and certainly does not address whether plaintiff is or is not disabled.

Neither the Settlement Agreement nor the November 2007 letter state whether or not plaintiff

6

is disabled or contain a medical opinion as to the extent of plaintiff's purported disability. Further, neither document states whether or to what extent plaintiff is still able to work. As neither the Settlement Agreement nor the November 14, 2007 letter constitute a "disability decision" that must be considered by the ALJ, the court concludes as did the magistrate judge that the ALJ did not commit error in failing to consider them. Plaintiff's first objection to the M&R is therefore overruled.

  2. The ALJ's RFC finding includes an appropriate discussion of medical and non-medical evidence.

In his second objection to the M&R, plaintiff argues that the ALJ erred in determining plaintiff's RFC in that the ALJ did not "clearly explain his rationale for how the medical and non-medical evidence supports his finding as to the claimant's RFC."[1] The court finds that plaintiff's second objection is also without merit.

The ALJ must make a finding as to a claimant's RFC where, as here, a determination of disability cannot be made on the basis of medical factors alone because the claimant's impairment is severe but does not meet the requirements of any impairment in the Listing of Impairments. S.S.R. 96-8p, 1996 WL 374184 at *2 (S.S.A. 1996). The RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s) . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* The ALJ's RFC assessment must be "based on *all* of the relevant

---

[1] The Commissioner, in response to plaintiff's second objection, rightly points out that plaintiff did not raise this argument in his motion for judgment on the pleadings and therefore that this argument was not addressed by the magistrate judge. The Commissioner suggests that plaintiff's belated objection is untimely and therefore consideration of it by the court is unnecessary. The court, however, feels constrained by U.S. v. George to take up and consider plaintiff's argument. See 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate.")

7

Case 5:09-cv-00546-FL Document 35 Filed 12/06/10 Page 7 of 9

evidence in the case record," and must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.* at *5, *7.

The ALJ determined that plaintiff has the RFC required to perform "between a narrow range of light work and a wide range of sedentary work or to lift/carry fifteen pounds occasionally and ten pounds frequently as well as sit six hours of an eight-hour workday and stand/walk two hours of an eight-hour workday with limitations in climbing, squatting and crawling." Tr. at. 12-13. In reaching his determination, the ALJ thoroughly discussed the evidence in the record and explained how the evidence supported the ALJ's findings. See Tr. at 13-15. The ALJ thoroughly discussed reports from several medical experts as well as the results of several MRI scans. Id. at 13-14. In support of his RFC determination, the ALJ noted that Dr. Cohen found plaintiff's physical abilities "only mildly impaired," that Dr. Woods found plaintiff "able to perform light work and sit as well as stand/walk six hours of an eight-hour workday with limitations in performing postural activities." Id. at 14. Further, the ALJ noted that plaintiff's own treating physician found plaintiff "able to lift up to twenty pounds and carry up to ten pounds with limitations in climbing, squatting, crawling and standing/walking." Id. These facts, together with the ALJ's thorough discussion of the medical and non-medical evidence in the record, fully support the ALJ's RFC finding.

The court finds that the ALJ provided an appropriate discussion of the medical and non-medical evidence in support of his RFC finding, that the ALJ's findings are supported by substantial evidence, and overrules plaintiff's second objection.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested

portions of the M&R, the court ADOPTS the M&R in its entirety. Accordingly, plaintiff's motion for judgment on the pleadings (DE #27) is DENIED. The Commissioner's motion for judgment on the pleadings (DE #29) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge